LONE STAR LEATHER CO. v. CITY NATIONAL BANK OF TYLER ET AL.

No. 996.

**Accommodation Note—Pledge—Certificate of Stock—Parol Evidence..**

In an action upon a note alleged to have been given to a corporation by the makers in payment for corporate stock, for which a certificate was issued to them, parol evidence is admissible upon an issue between the makers and such corporation, as endorser, to show that the note was accommodation paper made for the benefit of such endorser, and that the stock was taken and held merely as a pledge and collateral security for the debt.

APPEAL from Smith. Tried below before Hon. FELIX J. McCORD.

*Whitaker & Bonner*, for appellant.—1. The acceptance and holding of a certificate of shares in an incorporation makes the holder a subscriber, and liable to the responsibilities of a shareholder, and imports a promise to pay for the shares. Upton v. Tribilcock, 91 U. S., 47; Chubb v. Upton, 95 U. S., 668; Cook on Stockholders, sec. 54.

2. Under the general rule of evidence that a written agreement can not be varied or added to by parol, it is not competent for a stockholder to allege and show to show that he is but conditionally such. The condition must be inserted in the writing to be effectual. Upton v. Tribilcock, 91 U. S., 45; 2 Beach on Corp., secs. 538, 543; Cook on Stockholders, secs. 138, 191, 168-169; Green's Brice's Ultra Vires, 190, 191, note and 193; Railway v. Eastman, 34 N. H., 124, 141; Melvin v. Lamar Ins. Co., 80 Ills., 446; Gill v. Balis, 72 Mo., 424; Cook on Stockholders, sec. 81; 2 Beach on Corp., sec., 531.

3. An agreement that stock shall be held only as a pledge by the corporation to the holder, or that the stock may be surrendered, is no defense to an action to collect the amount due therefor.

*Chilton & McIlwaine*, for appellees.—1. The holder of a certificate of stock absolute upon its face, if given as collateral security by the corporation itself and held for that purpose only, does not render him liable to the corporation as a subscriber to its stock. The parties are bound by the contract as made. Burgess v. Silegman, 107 U. S., 20; Union Saving Ass. v. Seligman, 92 Mo., 635; Mathews v. Albert et al., 24 Md., 527; McMahon v. Macy, 51 N. Y., 155; Thompson, Liability of Stockholders, sec. 224.

2. The general rule of evidence that a written agreement can not be varied or added to by parol evidence has reference to the language used by the parties, and does not forbid an inquiry into their object in executing and receiving an instrument, and when it is shown that the transaction is one of security and not of sale, a court of equity will give effect to the actual contract of the parties. Brick v. Brick, 98 U. S., 514; Ginz v. Stumph, 73 Ind., 207; Newton v. Fay, 92 Mass. (10 Allen), 505; McMahon v. Macy, 51 N. Y., 155; 18 Am. & Eng. Enc. of Law, 593, sub. 3; Cook on Stockholders, sec. 465; Stampers v. Johnson, 3 Texas, 1; Gray v. Shelby, 83 Texas, 405; Railway v. Jones, 82 Texas, 156.

PLEASANTS, ASSOCIATE JUSTICE.—The nature and result of this suit is thus stated by appellant: This suit was originally brought by the City National Bank of Tyler on a note for $1,575 against the Daglish Hardware Company as the makers and the Lone Star Leather Company as endorser. The Daglish Hardware Company pleaded, that they were accommodation makers only, and prayed that they have protection as such. The Lone Star Leather Company pleaded that the Daglish Hardware Company was the maker of the note for value, having given it in

part payment for shares of the capital stock of the Leather Company; that the Leather Company was the endorser, and only so liable, and prayed judgment accordingly.

The Daglish Hardware Company admitted the holding of the forty shares of stock, but alleged that it was held by them as a pledge or collateral security for their liability on the note. Hence, the litigated issue was between the two defendants as to which was primarily and which secondarily liable on the note, and the case stands, in substance and effect, as if the Lone Star Leather Company were suing the Daglish Hardware Company on the note, alleging that it was given for forty shares of stock in the Leather Company; the Daglish Hardware Company defending upon the ground that the note was made without consideration, and that they were only accommodation makers, holding the stock as a pledge or security against such liability.

On this issue a trial was had before a jury on whose verdict a judgment was rendered establishing that the Lone Star Leather Company was liable as principal, and the Daglish Hardware Company as security. From this judgment this appeal is prosecuted.

This court is unanimously of the opinion that the judgment of the lower court should be affirmed, but as the members of the court are not agreed as to the issues involved under the pleadings, there will be no discussion of the questions raised under the various propositions and counter propositions presented in the briefs of counsel. but we simply recite our conclusions of law and fact:

*Conclusions of Law*—1.  There was no error in overruling the defendant's, the Lone Star Leather Company's, general demurrer to the answer of the defendant, the Daglish Hardware Company.

2.  The court did not err in admitting the testimony of J. J. Daglish and Clyde Yarbrough as to the purposes for which they held the forty shares of stock of the Leather Company. Nor was there error in refusing, upon motion of the last named company, to exclude the testimony of these witnesses.

3.  The court did not err in refusing to give the following special charge asked by the defendant, the Lone Star Leather Company: "The litigated issues in this case, as between the two defendants, is as to whether or not the note sued on by the plaintiff, and in evidence, was given as a consideration for the subscription by the Daglish Hardware Company to the capital stock of the Lone Star Leather Company. The evidence shows that the defendant, the Daglish Hardware Company, is the holder of forty shares of the capital stock of the Lone Star Leather Company at fifty dollars each. This certificate of stock is in effect a contract between the Daglish Hardware Company, as a stockholder, and the Lone Star Leather Company, as a corporation; and under the general rule of evidence, that a written agreement can not be varied or added to by parol, it is not competent for the Daglish Hardware Company to show that they are but conditional stockholders, and any parol agreement that

the Daglish Hardware Company subscribed for and received said stock only as a pledge or as collateral security for a debt due by the corporation, and that at some future time the stock might be surrendered, would be inadmissible, and would constitute no defense to this defendant's suit to collect the amount due for the subscription to the stock so held by the Daglish Hardware Company."

4. The court did not err in giving the Daglish Hardware Company the opening and closing of the evidence upon the trial of the cause.

*Conclusion of Fact*—While the evidence is conflicting upon the issue, whether or not the note sued on was executed by the defendants, the Daglish Hardware Company, as alleged by them, for the accommodation of the Lone Star Leather Company and without consideration, the evidence is sufficient to support the finding of the jury sustaining the affirmation of that issue.

The judgment is affirmed.                                      *Affirmed.*

Delivered January 30, 1896.

Writ of error refused.